GREENVILLE CO-OPERATIVE GAS COMPANY, Plaintiff, vs. LODESKY, Defendant and Appellant: HOME MUTUAL CASUALTY COMPANY, Impleaded Defendant and Respondent.

*May 10—June 15, 1951.*

*Walter Melchior* of Appleton, for the appellant.

For the respondent there was a brief by *Byrne, Bubolz & Spanagel* of Appleton, and oral argument by *Edward J. Byrne.*

HUGHES, J. The accident which gives rise to this suit occurred at the junction of County Trunk Highway B and U. S. Highway 10. County Trunk B enters Highway 10 from the north at a point eighty feet east of a two-hundred-foot bridge, coincides with Highway 10 to the west and turns south at a right angle from Highway 10 at a point eighty feet west of the bridge.

Becker and Schwicht, driver of the Lodesky truck, were operating their vehicles in a westerly direction on Highway 10. The plaintiff's truck was being operated in an easterly direction on Highway 10 and as it approached the south branch of County Trunk B it was struck and overturned by the semitrailer driven by Schwicht as it passed the Becker automobile.

There was no claim that plaintiff's driver was negligent. It was also admitted that Schwicht was causally negligent in the operation of his semitrailer. The sole dispute is whether Becker, in the operation of his car, was guilty of negligence which contributed to cause the collision.

Shortly before the accident Becker overtook and passed the Lodesky truck about a mile and a half east of County Trunk B. As Becker approached the bridge from the east he applied his brakes to slow down so that he might turn left (south) onto County Trunk B. He gave no signal of intention to turn left other than coming to a stop. As he neared the south branch of County Trunk B it became apparent to him that he could not turn left across the path of plaintiff's truck. He therefore stopped.

The jury found that Becker was negligent in failing to signal a left-hand turn during the last hundred feet east of the point where he intended to make the turn, and that such negligence was causal. It also found that he was not negligent in the manner in which he stopped his car upon the highway.

The testimony with respect to the manner in which he stopped his car was in sharp dispute. Schwicht testified that he was about forty feet behind Becker when Becker suddenly stopped and that he was afraid to apply his brakes lest his tractor and trailer jackknife. Elmer Kaas, who worked for Becker, and was riding in the back seat of the Becker automobile, testified that as Becker applied his brakes on the bridge he looked back and the Lodesky truck was a quarter of a mile behind; that as he stopped the Lodesky truck was at the east end of the bridge approach, or approximately three hundred sixty feet to his rear.

It is obvious that the jury accepted the version of Kaas in absolving Becker of negligence in stopping his car on the highway.

On motions after verdict the trial court changed the answer to question 1, stating that there was no evidence to support the finding of the jury that Becker was negligent with respect to signaling a left turn; changed the answer to subdivision (a) of question 3 because failure to signal an intention to turn left was not a proximate cause of the accident; and deleted the answer to question 4 on comparison of negligence. Upon the verdict as changed the court entered judgment for the plaintiff against Lodesky and dismissed the cross complaint of the defendants against the impleaded defendant.

The record discloses that the evidence by Becker himself was that he had not signaled a left turn. It is apparent from the trial court's change of answers that it concluded such failure was not causal. In this conclusion we are satisfied that the trial court was correct. From the verdict of the jury on the question of stopping, it is clear that Schwicht traveled three hundred to three hundred sixty feet after the Becker automobile had come to a complete stop, which afforded him ample time to bring his truck to a stop if he had been driving with due caution. Under these circumstances Becker's prior

failure to signal an intention to turn left could not be a cause of the collision. *Bauer v. Bahr* (1942), 240 Wis. 129, 2 N. W. (2d) 698.

*By the Court.*—Judgment affirmed.