DeLong, Plaintiff and Appellant, v. SAGSTETTER and another, Defendants and Respondents: MANOR and others, Defendants and Appellants.*

*March 6—May 1, 1962.*

\* Motion for rehearing denied, with $25 costs, on June 29, 1962, WILKIE, J., taking no part.

For the appellant DeLong there were briefs by *Robert R. Gavic* of Spring Valley, and *C. L. Gaylord* of River Falls, and oral argument by *Mr. Gavic.*

For the appellants Manor, Gilles, and Heritage Mutual Insurance Company, there were briefs and oral argument by *Frank L. Morrow* of Eau Claire.

For the respondents there was a brief by *Wilcox & Sullivan* of Eau Claire, and oral argument by *Arthur B. Sullivan.*

DIETERICH, J. The following facts appear from the record: Sagstetter was driving south on County Trunk S some five miles north of Plum City and had stopped prior to making a left turn when the accident occurred. A milk truck driven by Manor was traveling some distance behind Sagstetter and gaining on him. Manor observed Sagstetter slowing down and attempted to swing around Sagstetter in order to avoid hitting the pickup truck. When he swung out, Manor observed a car approaching over a knoll some 300 feet away. Manor stopped the milk truck in a position straddling the center line immediately alongside the rear of the Sagstetter pickup truck. The car coming over the knoll driven by the plaintiff DeLong collided with the stationary milk truck at which time the pickup truck was struck by the milk truck and shoved forward.

The highway at the point where the accident occurred is 20 feet wide and has gravel shoulders approximately three feet wide. The weather was clear and the accident happened at approximately 1:15 in the afternoon of April 11, 1959.

Sagstetter testified that he was driving slowly and intended to turn left into the driveway of his passenger, Carl Brimmer; that approximately 100 to 150 feet from the driveway he activated his turn signals, but he turned them off when he saw a car approaching over the hill in order not to mislead the driver of that car. His testimony is that he came to a complete stop and waited for the car to pass before making his turn. He did not apply the brakes before he actually came to a complete stop because he was traveling uphill and the truck slowed itself. At no time did Sagstetter observe the approaching milk truck from his rear.

Sagstetter's testimony is corroborated by that of his passenger, Carl Brimmer, except with respect to the activation of the turn signals. Brimmer does not recall whether Sagstetter used them or not.

The testimony of Manor differed in some respects with that he gave at his adverse examination. His testimony at

the trial was that he knew the Sagstetter pickup truck was slowing down prior to the accident, but that no turn signal was given; that when Manor became aware that Sagstetter had stopped it was too late to stop behind the pickup truck without hitting it. Manor testified that he was traveling 40 to 45 miles per hour, swung out to his left when 50 feet behind Sagstetter, stopped his truck and then waited three seconds before he was hit by DeLong.

DeLong was unable, because of amnesia, to testify as to what occurred. The testimony of an eyewitness, Mike Reitz, agreed more with the testimony Manor gave on adverse than that which he gave at the trial. Reitz's testimony was that he saw the Ford car when it was more than one-half way from the knoll to the Brimmer driveway (a distance of 250 feet) and then he saw the milk truck only 20 feet behind the pickup and still moving.

There are three issues raised on this appeal: (1) Whether there was any credible evidence to support the jury's finding that defendant Sagstetter was causally negligent with respect to signaling his intention to turn left; (2) whether there was any credible evidence to support the jury's finding that DeLong was causally negligent with respect to lookout, and (3) whether the award of damages ($25,000) by the jury to plaintiff DeLong was clearly excessive, thus justifying the reduction of damages by the trial court.

The trial court relied on *Greenville Co-operative Gas Co. v. Lodesky* (1951), 259 Wis. 376, 48 N. W. (2d) 234, in changing the jury's special verdict with respect to the finding of causal negligence on the part of Sagstetter. In that case there was a finding that though the stopped vehicle had made no signal for a left turn, that such negligence was not causal since the following vehicle had *ample* time to come to a stop after observing the brake lights of the stopped car. The evidence contained in the record in the instant case would not support a similar finding as a matter of law.

The testimony of Sagstetter is that he did not activate his turn signals until 100 to 150 feet from the Brimmer drive-

way. Brimmer, a passenger in the Sagstetter vehicle, does not remember whether the signals were activated or not. Manor testified that no signal was ever given by Sagstetter. Officer Howard, who investigated the accident, found that the signal lights did not work, but attributed the failure to the fact that the lights on the left rear had been broken.

The jury did not need to believe that the turn signals had not been activated in order to find Sagstetter liable. For though the jury may have believed the turn signals to be activated they could find that the fact Sagstetter turned them off when he sighted the approaching DeLong car constituted causal negligence. It is a permissible inference that Sagstetter may have believed that by turning off the turn signals he would not fool DeLong, but he may very well have fooled Manor into believing he was continuing ahead rather than turning.

The facts in this case in some respects resemble those in *American Fidelity & Casualty Co. v. Travelers Indemnity Co.* (1958), 3 Wis. (2d) 209, 87 N. W. (2d) 782, more than those in the *Greenville Co-operative Gas Co. Case, supra.* In that case this court held it was error for the trial court to change the jury's finding of negligence when there was evidence which supported the inference that the following vehicle may not have had the benefit of a brake signal from the lead vehicle until shortly before the lead vehicle stopped. In the instant case the fact that the evidence showed that Sagstetter did not apply his brakes until the time he stopped, coupled with the conflicting evidence regarding the activation of the turn signals, constitutes adequate evidence upon which the jury could infer and find that Sagstetter was causally negligent with respect to signaling his intention to turn left. The "Yes" answer of the jury respecting Sagstetter's causal negligence is reinstated.

The trial court approved the jury's finding that DeLong was causally negligent with respect to lookout. The fact that the evidence shows that DeLong did nothing to avoid the accident when faced with a truck intruding into his lane sup-

ports the jury's finding that such negligence was causal and is supported by the testimony which raises a permissible inference that it was possible for DeLong to have avoided the truck by driving on the shoulder if he had seen the danger soon enough.

The trial court reduced the amount of damages awarded plaintiff DeLong from the $25,000 found by the jury to $15,000. In view of the serious injury to the left eye of plaintiff DeLong which resulted in a 95 percent loss of vision to that eye, and in view of DeLong's age at the time the accident occurred, twenty-one years, together with the fact that he also suffered a fracture of the right clavicle, a broken kneecap, internal injuries, injuries to his head, neck, and back, and damage to his teeth, we determine that $25,000 is not an excessive verdict as a matter of law. Since the verdict is not excessive it follows that the trial court had no discretion to change the amount of the verdict under the rule of the *Powers Case, supra.* The jury award of $25,000 is therefore reinstated.

It therefore necessarily follows that the complaint against Sagstetter and Farmers Insurance Exchange is reinstated and the cross complaints for contribution are likewise reinstated.

The recent case of *Bielski v. Schulze,* ante, p. 1, 114 N. W. (2d) 105, decided that henceforth the amount of liability for contribution of tort-feasors who sustain a common liability by reason of causal negligence should be determined in proportion to the percentage of causal negligence attributable to each. The appeal in the instant case was taken before the decision of *Bielski* was handed down, hence pursuant to the language contained in the *Bielski Case* pertaining to application of the new rules promulgated in that case, the new rule of contribution applies in the instant case.

*By the Court.*—Judgment reversed, with instructions to the trial court to enter judgment in accordance with this opinion.

The following opinion was filed June 29, 1962:

PER CURIAM (*on motion for rehearing*). The defendants have moved to dismiss the plaintiff's appeal and, on this motion for rehearing, they point out that the original opinion of this court did not make any formal disposition of such motion to dismiss.

The jury, by special verdict, found that DeLong was damaged in the amount of $25,000. Thereafter, the trial court entered the following order:

"It is further ordered that judgment be entered in favor of the plaintiff Kenneth DeLong, and against the defendants . . . in the sum of $14,217.39 . . . unless on or prior to May 31, 1961, the plaintiff shall . . . [elect] to have a new trial limited to the issue of damages only."

DeLong did not make an election to have a new trial, and a judgment was subsequently entered for the reduced amount. DeLong appealed from such judgment. The defendants' motion to dismiss is based on their contention that DeLong is foreclosed from challenging the judgment since he did not appeal from the order of the trial court. It is to be observed, however, that the order of the trial court quoted above is not an order for a new trial but, on the contrary, is an order for judgment. Had the order been one for a new trial, it would have been an appealable order, and the rule set forth in *Nygaard v. Wadhams Oil Co.* (1939), 231 Wis. 236, 284 N. W. 577, would have applied. However, the form of order actually employed by the trial judge was an order for judgment and not an order for a new trial. An order for judgment is not appealable. *Jaster v. Miller* (1955), 269 Wis. 223, 233, 69 N. W. (2d) 265. Accordingly, there is no merit to the motion to dismiss the plaintiff's appeal.

The motion for rehearing is denied, with $25 costs.