**Paul J. BOGOSIAN, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**GULF OIL CORPORATION et al., Defendants.**

**Civ. A. No. 71–1137.**

United States District Court, E. D. Pennsylvania.

Dec. 15, 1971.

On Motion for Reconsideration Feb. 16, 1972.

See also D.C., 337 F.Supp. 1228, 1234.

David Berger, Herbert B. Newberg, Joseph R. Lally, Philadelphia, Pa., and Harold Brown, Boston, Mass., for plaintiff.

John T. Clary, Philadelphia, Pa., for Shell Oil Co.; William Simon, Howrey, Simon, Baker & Murchison, Washington, D. C., of counsel.

Patrick T. Ryan, Drinker, Biddle & Reath, Philadelphia, Pa., for American Oil Co.

Frederic L. Ballard, Charles I. Thompson, Jr., Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for Atlantic Richfield Co.

L. Carter Anderson, Rawle & Henderson, Philadelphia, Pa., for Cities Service Oil Co.

Benjamin Quigg, Jr., Peter C. Ward, Morgan, Lewis & Bockius, Philadelphia, Pa., for Humble Oil & Refining Co.

John E. Blay, Philadelphia, Pa., for Mobil Oil Co.

Ralph W. Brenner, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for Phillips Petroleum Co.

J. B. H. Carter, John G. Harkins, Jr., Barbara W. Mather, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Sun Oil Co.

Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., for Texaco, Inc.

Edward W. Mullinix, Arthur Kahn, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Union Oil Co. of Cal.

Hoyt H. Harmon, Jr., Bala-Cynwyd, Pa., for Gulf Oil Corp.; Frederick L. Scofield, F. W. Morgan, New York City, of counsel.

## MEMORANDUM AND ORDER SUR CERTAIN DEFENDANTS' MOTION FOR TRANSFER OF VENUE

JOSEPH S. LORD, III, District Judge.

Gulf Oil Corporation is one of eleven national oil companies which are defendants in this antitrust action. Gulf, joined by five other defendants, has filed a motion to transfer the venue of this action to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 1404(a).

The plaintiff in this suit is a Gulf service station dealer in Watertown, Massachusetts. Plaintiff alleges that since 1957 he has leased his station, equipment and land from Gulf under short-term lease agreements. Each lease agreement has been no longer than a year's duration, and all have required as a covenant of the lease that a "Contract of Sale" concurrently agreed to must not be breached. The "Contract of Sale" requires the lessee to purchase all of its petroleum product requirements from Gulf. The rental agreement provides for a minimum rental rate, with higher amounts being due if the gallonage total of Gulf motor fuel delivered to or sold by the lessee exceeds a certain amount.

Plaintiff alleges that the lease and "Contract of Sale" substantially represent and are typical of general business practices of all the named defendants. It is claimed that the retail oil markets in cities of over 50,000 people are dominated by the defendant companies, in that there is a monopolization of service station locations and prices of oil products have been artificially raised and stabilized. This conduct is alleged to violate Sections 1 and 2 of the Sherman Act. Plaintiff brings this action, not only on his own behalf, but under F.R. Civ.P. 23 as representative for all lessee gasoline dealers, present and former, in cities over 50,000 people, who were subjected to similar business practices.

In support of this motion for transfer of venue, movants assert that this is essentially a local dispute between a single service station owner in Massachusetts and the Gulf Oil Corporation that has been cosmetically supplemented so as to give the appearance of being a nationwide-industrywide controversy. They stress that it is in Massachusetts where plaintiff's contracts and leases were entered into, where the pertinent Gulf records are kept, and where the potential witnesses reside—the current Gulf District Manager and the Gulf Sales Representative with whom the plaintiff has transacted business.

Plaintiff in rebuttal argues that movants' characterization of the action as a local dispute is a conclusory characterization not capable of overcoming the allegations of the complaint which portray a nationwide practice of antitrust violations by defendants. Since the action is presented as a class action on behalf of plaintiffs all over the country, at least on the face of the complaint, the suit is clearly of a multistate rather than local nature. At this juncture, I agree with plaintiffs that it would be nothing less than pre-judging the issues simply to say it is a Massachusetts dispute.

It is well settled that great weight is to be accorded to plaintiff's choice of forum, and that a transfer of venue is proper only when the defendant meets the heavy burden of showing a strong balance of inconvenience, *e.g.*, City of Philadelphia, Pa. v. General Mo-

tors Corporation, 324 F.Supp. 181 (E.D. Pa.1971); City of Philadelphia v. Emhart Corporation, 317 F.Supp. 1320 (E. D.Pa.1970). Movants have not met this burden. In asserting that there would be inconvenience to the witnesses involved in this case, movants again emphasize the "local" nature of the action, contending that most witnesses from both sides would likely be from Massachusetts. Besides the fact that this ignores the nationwide allegations of the complaint, movants have specifically identified only two of these potential witnesses. They are Mr. John R. Joyce, the Gulf sales representative for the territory which included Mr. Bogosian's station, and Mr. J. L. Pettit, Gulf's district marketing manager. Movants assert that most of the witnesses will reside beyond the subpoena power of this court, and that if such persons are not willing to appear voluntarily, the trial will be almost entirely by depositions. Such a trial by depositions is a possibility, but at this time it is no more than remote speculation. In fact, Mr. Pettit in his affidavit in support of this motion to transfer gives no indication that he would not appear voluntarily before this court.

Likewise, I find that there will be but a little inconvenience for defendant Gulf if it must transport its business files pertaining to plaintiff from its Boston office to Philadelphia. Saperstone v. Kapelow, 279 F.Supp. 781 (S. D.N.Y.1968). Movants, relying on statistics from the 1970 Annual Report of the Administrative Office of the United States Courts, have demonstrated that the court docket in the District of Massachusetts is much less congested than in this district. While this relative congestion of court dockets may be considered in a motion to transfer, "it is never a factor to which great weight is assigned." Peyser v. General Motors Corporation, 158 F.Supp. 526, 530 (S.D.

N.Y.1958). In fact the interests of judicial economy may be served better here by keeping this case in this district. I note that another antitrust action,[1] alleging the same violations of the Sherman Act against identical defendants (except for the presence of two additional defendants), has been filed in this district and assigned to me as a related case. Since the action was filed on behalf of residents of this district, who are gas station dealers in this district, their choice of forum can hardly be questioned. Without deciding the issue now, it may be that these two actions involve common questions of fact or law so that consolidation of the actions for trial would be proper under F.R.Civ.P. 42(a). If I were to grant this transfer motion, such consolidation of these actions could not take place, as the actions would lie in different judicial districts.

Therefore, since defendants have failed to demonstrate any great inconvenience to themselves if the action proceeds in this district, nor that the interests of judicial economy dictate such a transfer, plaintiff's choice of forum should prevail, and the motion to transfer is denied.

## ON MOTION FOR RECONSIDERATION

The plaintiff in this suit is a Gulf service station dealer in Watertown, Massachusetts. He has brought an antitrust action in this district against eleven gasoline companies alleging violations of Sections 1 and 2 of the Sherman Act. Certain defendants filed a motion to transfer the venue of this action to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 1404(a). We denied that motion on December 15, 1971. One defendant, Shell Oil Company, has now filed a motion requesting reconsideration of our decision, or, in the alternative, certification of this transfer "issue" as appropriate for inter-

---

1. Parisi and Hack v. Gulf Oil Corporation, et al. (E.D.Pa. Civil Action No. 71–2543.

locutory appeal pursuant to 28 U.S.C. § 1292(b).

 It is contended that our decision denying transfer was in error in several respects. We recognize that the question of whether to grant a transfer of venue, given the circumstances of this case, is not an easy one, and it is certainly open to honest disagreement. However, a decision had to be made, and we decline now to reconsider the issue anew. A district court has wide discretion under 28 U.S.C. § 1404(a) in determining whether or not a transfer of venue should be granted. *E. g.*, Schoen v. Mountain Producers Corporation, 170 F.2d 707, 714 (C.A.3, 1948). This motion for reconsideration has presented no new facts, and we are unpersuaded that our original decision was fundamentally wrong.

> "If the action remains in the district court where instituted, the denial of the motion to transfer constitutes the law of the case; the district court has the power to reconsider and depart therefrom; but it normally should not do so except on a showing of substantial error, a subsequent change in the facts or other circumstances warranting a departure from its previous ruling." 1B Moore's Federal Practice ¶ 0.404 [8].

 We also decline to certify this transfer issue as appropriate for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). "It is settled in this Circuit and elsewhere that an order either making a transfer or refusing a transfer is not appealable." All States Freight, Inc. v. Modarelli, 196 F.2d 1010, 1011 (C.A.3, 1952). An appeal lies in this Circuit only when the order concerning transfer has the unique effect of terminating the lawsuit. United States v. Berkowitz, 328 F.2d 358, 360 (C.A.3, 1964). This is not such a case.

Therefore, Shell's motion for reconsideration or, in the alternative, certification for appeal, is denied.