Arthur DeBardeleben, Petitioner-Respondent,

v.

Ethics Board, an administrative body created and regulated by Subchapter III, Chapter 19, Wisconsin Statutes, 1977, Respondent-Appellant.

Court of Appeals

*No. 82–514. Submitted on briefs October 4, 1982.—
Decided March 8, 1983.*
(Also reported in 332 N.W.2d 826.)

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *John C. Murphy,* assistant attorney general.

For the respondent the cause was submitted on the brief of *DeBardeleben & Snyder* of Park Falls.

Brief amicus curiae of the State Bar of Wisconsin was filed by *Fiorenza, Weiss, Amato, Hodan & Belongia, S.C., John A. Fiorenza* and *Dominic S. Amato,* of Milwaukee.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J. The circuit court reversed an ethics board order fining Arthur DeBardeleben $500 for violating sec. 19.44(1)(f), Stats.,[1] a financial disclosure requirement for public officials and employees. In implementing sec. 19.44(1)(f), the board required DeBardeleben, an attorney and a former appointee to the Board

---

[1] Section 19.44(1)(f), Stats., provides:

(f) If the person who is required to file or a member of his or her immediate family received $1,000 or more of his or her income for the preceding taxable year from a partnership, corporation electing to be taxed as a partnership under subchapter S of the federal internal revenue code or service corporation under s. 180.99 in which such person or a member of his or her immediate family, severally or in the aggregate, has a 10% or greater interest, the identity of each payer from which the organization received $1,000 or more of its income for its preceding taxable year, except that if the person who is required to file identifies the general nature of the business in which the person or his or her immediate family is engaged then no identification need be made of any individual, not acting as a representative of an organization, unless the individual is a lobbyist as defined in s. 13.62. In addition, no identification need be made of payers from which dividends or interest are received.

of Regents of the University of Wisconsin System, to disclose the names of any clients who paid his law partnership $1,000 or more during 1978. The board refused to grant DeBardeleben's request for a waiver of this requirement pursuant to sec. 19.43(8), Stats.[2] Because the board abused its discretion in refusing DeBardeleben's requested waiver,[3] we affirm the circuit court's order.

The ethics board refused DeBardeleben's requested waiver based on its erroneous conclusion that DeBardeleben had the right to disclose his clients' names. This conclusion was based on what the board characterized as a general rule that a client's identity is not within the scope of the attorney-client privilege. A Wisconsin attorney's obligation to guard client confidences is, however, broader than the attorney-client privilege, SCR 20.21(4) (1982);[4] and conclusions of courts in other jurisdictions concerning their financial disclosure laws or the attorney-client privilege[5] do not determine what a

---

[2] Section 19.43(8), Stats., provides:

(8) On its own motion or at the request of any person who is required to file a statement of economic interests, the board may extend the time for filing or waive any filing requirement if the board determines that the literal application of the filing requirements of this subchapter would work an unreasonable hardship on such person or that the extension of the time for filing or waiver is in the public interest. The board shall set forth in writing as a matter of public record its reason for the extension or waiver.

[3] The board refused to even consider DeBardeleben's requested waiver unless he disclosed to the board the names of his clients.

[4] Supreme Court Rule 20.21(4) (1982) provides: "Ethical consideration. The attorney-client privilege is more limited than the ethical obligation of a lawyer to guard the confidences and secrets of a client."

[5] The board cites in support of its position: *Hays v. Wood,* 603 P.2d 19, 25 (Cal. 1979); *Colman v. Heidenreich,* 381 N.E.2d 866, 871–72 (Ind. 1978); *Opinion of the Justices to the Senate,* 376 N.E. 2d 810, 819 (Mass. 1978); *Chamberlin v. Missouri Elections*

Wisconsin attorney may do. It would be unreasonable for this court to conclude that a Wisconsin attorney can disclose client names to the ethics board when the attorney cannot even disclose a client's name to another attorney without the client's consent.[6]

The board's implementation of sec. 19.44(1)(f) consequently caused DeBardeleben an unreasonable hardship. The filing requirement left DeBardeleben with the onerous choice of being fined or of violating a Wisconsin Supreme Court Rule. When a filing requirement works an unreasonable hardship, the board has discretion to waive the requirement. Based on the nature of the hardship in this case, the board abused its discretion in refusing to grant a waiver.

Even if we assume that only some client names need protection, it is the attorney who must make this determination. The confidentiality obligation is imposed on the attorney, not the board. If an attorney must unilaterally determine not to disclose some client names, there is no way for the board to effectively enforce its implementation of sec. 19.44(1)(f) against an attorney. An unenforceable rule provides no remedy; and there is no reason for a rule that does not provide a remedy.

The board's implementation of sec. 19.44(1)(f) must also fail because it conflicts with the Wisconsin Supreme Court's regulation of the practice of law. *State ex rel. Reynolds v. Dinger*, 14 Wis. 2d 193, 206, 109 N.W.2d 685,

---

*Comm'n,* 540 S.W.2d 876, 880–81 (Mo. 1976); *Klein v. Henry S. Miller Residential Services, Inc.,* 82 F.R.D. 6, 9 (D.C. Tex. 1978).

[6] Supreme Court Rule 20.21(2) (1982) prohibits an attorney from seeking counsel from another lawyer without client consent "if there is a reasonable possibility that the identity of the client . . . would be revealed to such lawyer."

692 (1961). The power to regulate the practice of law is constitutionally vested in the judicial branch of government. Wis. Const. art. VII, § 2; *see also State ex rel. State Bar of Wisconsin v. Keller,* 16 Wis. 2d 377, 381, 114 N.W.2d 796, 798, *reh'g denied,* 16 Wis. 2d 390, 116 N.W.2d 141 (1962). In the exercise of this power, the supreme court has required attorneys to keep their clients' identities confidential. There is good reason for the requirement. Legal advice can be prophylactic as well as remedial. As any experienced attorney in private practice knows, many clients would not seek legal advice in advance of a problem or effect changes that require legal assistance without the confidentiality requirement.

We are also satisfied that our acceptance of the board's position would require many attorneys to refuse to serve the state.[7] It would have the same effect on an attorney's spouse and immediate family members unless they could compel their attorney spouse or family member to disclose client names. This would deprive the state and the public of the benefit of considerable talent. We question whether the legislature intended to give the ethics board the discretion to do this when there is no clear indication of a legislative intent to do so. When we consider the many problems associated with enforcing the board's implementation of sec. 19.44(1)(f) against attorneys, we are left with the feeling that the cure is much worse than the cold.

Because we have concluded that the board cannot enforce its implementation of sec. 19.44(1)(f) against attorneys, it is not necessary for us to consider the remaining arguments made by DeBardeleben and the State

[7] This would principally affect attorneys in small law partnerships or service corporations who are more likely to have a 10% or greater interest in the partnership or service corporation.

Bar of Wisconsin.[8] Although the arguments persuasively raise both due process and equal protection concerns, we do not decide constitutional issues unless they are essential to the determination of the case before us. *See Kollasch v. Adamany,* 104 Wis.2d 552, 561, 313 N.W.2d 47, 51 (1981).

*By the Court.*—Order affirmed.

---

[8] Pursuant to § 809.19(7), Stats., the court granted permission to the State Bar of Wisconsin to file a brief.