Mel J. CONDON and Kathleen Condon, Plaintiffs,

v.

Gerald M. PETACQUE, Gerald B. Saltzburg, Fishman & Fishman, and Goodman, Petacque & Goodman, Defendants.

No. 79 C 4288.

United States District Court,
N. D. Illinois, E. D.

Feb. 5, 1981.

Mark E. Condon, Condon, Crotty & Cook, Charles Boyle, Chicago, Ill., for plaintiffs.

James K. Merquerian, James B. Burns, John W. Treece, Isham, Lincoln & Beale, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This is a legal malpractice action brought by plaintiffs, Mel J. and Kathleen Condon ("Condon"), against defendants, Gerald M. Petacque and Gerald B. Saltzburg, both attorneys at law, and the law firms of Fishman & Fishman and Goodman, Petacque & Goodman ("defendants"). Jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332, as Condon resides in the State of Florida and the defendants are all Illinois residents. Presently before the Court is Condon's motion to quash the deposition of his attorney, Mr. Mark E. Condon, Esquire, and to quash a subpoena duces tecum issued to his attorney directing him to bring to the deposition "all records, correspondence, notes, memoranda or other documents in [his] possession or under [his] control which relate in any way to the subject of this lawsuit up to and including the date of filing thereof on October 17, 1979."

In support of the motion,[1] Condon asserts that the material sought by defend-

---

1. Rule 26(c) of the Federal Rules of Civil Procedure empowers this Court, upon motion made by a party, to limit the scope and terms of discovery by entering a protective order when justice so requires.

ants is protected by the attorney-client privilege and the work product doctrine, and is thus not subject to discovery pursuant to Fed.R.Civ.P. 26. Neither the attorney-client privilege nor the work product doctrine, however, constitutes an absolute ban on all discovery sought from an attorney simply because of his professional status, and it is clear that neither justifies the broad protection Condon seeks from this Court in the case at bar. Nevertheless, defendants' broadly framed subpoena duces tecum in all fairness should be limited to those matters essential to their affirmative defense.

■ Defendants have interposed an affirmative defense based upon the statute of limitations in their answer to Condon's malpractice claim. In support of their affirmative defense,

> Defendants seek to obtain the dates of certain operative events, including, but not limited to, the date of the first communication between the plaintiff and Mr. Condon [his attorney] regarding the subject matter of the present lawsuit, the date of any contractual agreement between the plaintiff and Mr. Condon and the dates of subsequent communications ... prior to the filing of the present lawsuit on October 17, 1979.

Defendants' Brief in Opposition To Motion To Quash at 2. The defendants also seek "[n]otations of the dates of these events contained in billing records, appointment books, business diaries, correspondence or other documents." *Id.* at 7–8. It is well recognized that the attorney-client privilege, strictly construed, "protects from disclosure confidential communications made for the purpose of obtaining a lawyer's professional advice and assistance." *Cohen v. Uniroyal, Inc.,* 80 F.R.D. 480, 482 (E.D.Pa. 1978). The privilege does not foreclose inquiry into the fact of representation itself or the dates upon which services are rendered as long as the substance of the attorney-client relationship is shielded from disclosure. Thus, while the "structural framework" of the attorney-client relationship

may be discovered, the substance of that relationship must remain confidential. *Id.* at 483. *See also In re Semel,* 411 F.2d 195, 197 (3d Cir.), *cert. denied,* 396 U.S. 905, 90 S.Ct. 220, 24 L.Ed.2d 181 (1969); *Wirtz v. Fowler,* 372 F.2d 315, 333 (5th Cir. 1966); *Klein. v. Henry S. Miller Residential Services, Inc.,* 82 F.R.D. 6, 9 (N.D.Tex.1978). Accordingly, the attorney-client privilege does not bar disclosure of the type of information that defendants seek in support of their affirmative defense, as long as discovery is limited to the type of structural inquiry postulated by defendants in their briefs directed to this motion.

Although the work product doctrine embodied in Rule 26(b)(3) is of wider breadth than the attorney-client privilege, *Harper & Row Publishers, Inc. v. Decker,* 423 F.2d 487, 492 (7th Cir. 1970), *affirmed by an equally divided court,* 400 U.S. 348, 91 S.Ct. 479, 27 L.Ed.2d 433 (1971), we believe that the material sought by defendants, if indeed it constitutes "work product" at all, is properly discoverable upon defendants' showing that they have substantial need for the material in conjunction with the preparation of their defense and that they would be unduly burdened or unable to obtain the information by other means. The documentation of the date upon which Condon initiated his relationship with his attorney regarding this lawsuit and the dates of subsequent communications can hardly be considered to have been prepared in anticipation of litigation within the meaning of the rule in *Hickman v. Taylor,* 329 U.S. 495, 511, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1974). *See Cohen v. Uniroyal, Inc., supra,* 80 F.R.D. at 485. Even if such material is conditionally privileged, however, the United States Court of Appeals for the Seventh Circuit has noted that the burden of showing good faith or substantial need for the information on the party seeking to discover work product is lessened the farther the material is from the lawyer's mental processes or impressions. *Harper & Row Publishers, Inc. v. Decker, supra,* 423 F.2d at 492.

In the instant case, the material sought by the defendants is closer in kind to routine business records than to the traditional work product of attorneys. Defendants maintain that the information regarding the dates of Condon's initial and subsequent contacts with his attorneys would be relevant to their affirmative defense based upon the statute of limitations.[2] As has been noted elsewhere, "discovery is to be considered relevant where there is *any possibility* that the information sought may be relevant to the subject matter of the action." *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420, 431 (N.D.Ill.1977), citing *United States v. International Business Machines Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y.1974) (emphasis in original). Defendants maintain that they have substantial need for the material requested because they have received conflicting answers to their inquiries in the discovery conducted to date. They have no place to turn except to the attorney's records.

Accordingly, defendants must be permitted to discover records, correspondence, notes, memoranda, or other documents relating to the date upon which Condon first contacted his attorney in this case and the dates of subsequent communications prior to the filing of this lawsuit. Condon's motion to quash the deposition and subpoena is therefore denied. It is so ordered.

2. In a rather convoluted fashion, Condon has argued that defendants' statute of limitations defense is without merit under applicable Illinois law and thus that discovery in support of the defense is irrelevant to the issues in this lawsuit. However, a determination of whether defendants' affirmative defense is irrelevant to the instant motion. The defendants should be permitted to discover for themselves whether or not their affirmative defense has merit.