100 F.3d 919
 DORF & STANTON COMMUNICATIONS, INC. and HILL, HOLLIDAY, CONNORS, COSMOPULOUS, INC., Third-Party Respondents/Appellants,
and
JOHN LABATT LIMITED, LABATT BREWING COMPANY LIMITED, LABATT'S USA INC., and LABATT IMPORTERS, INC., Plaintiffs,
v.
MOLSON BREWERIES, MOLSON BREWERIES U.S.A. INC., MILLER BREWING CO., MARTLETT IMPORTING CO., and MOLSON BREWERIES OF CANADA LTD., Defendants-Appellees.
 No. 95-1374
 United States Court of Appeals,
Federal Circuit
 November 8, 1996
Rehearing Denied; Suggestion for Rehearing In Banc Declined January 10, 1997
 
 Appealed from: U.S. District Court for the Southern District of New York, Judge Patterson, Jr.
 Roger W. Wenthe, McDermott, Will & Emery, Chicago, IL, argued, for third-party respondents/appellants. With him on the brief was Byron L.Gregory.
 Ethan Horwitz, Darby & Darby P.C., New York City, argued, for defendants-appellees. With him on the brief were Ira Jay Levy, Amy J. Benjamin, and Eric A. Prager.
 Before RICH, NEWMAN, and CLEVENGER, Circuit Judges.
 Opinion for the court filed by Circuit Judge RICH. Dissenting opinion filed by Circuit Judge NEWMAN.
 RICH, Circuit Judge.
 
 
 1
 Dorf & Stanton Communications, Inc. (Dorf & Stanton), the public relations firm for Labatt's USA, Inc., appeals from the 19 January 1995 Order of the United States District Court for the Southern District of New York in M-885, requiring Dorf & Stanton to produce certain documents that it asserts are protected by the attorney-client privilege. 1995 U.S. Dist. LEXIS 507, 1995 WL 23603 (S.D.N.Y. 19 January 1995). We affirm.
 
 I.
 Background
 
 2
 This case originated when Molson Breweries, Molson Breweries USA, Inc., Miller Brewing Co., Martlet Importing Co., and Molson Breweries of Canada, Ltd. (collectively Miller) filed a motion in the Southern District of New York, where Dorf & Stanton is located, to compel the production of "certain documents" by Dorf & Stanton. In this appeal, we must decide whether the district court abused its discretion when it held that Dorf & Stanton failed to establish that the documents are protected by the attorney-client privilege and ordered Dorf & Stanton to produce them.
 
 
 3
 The documents consist of notes taken by three Dorf & Stanton employees during a 9 May 1994 meeting attended by the following people:
 
 
 4
 James Emmerton, General Counsel of John Labatt Limited;
 
 
 5
 Bernard Beasley, the Intellectual Property Officer of John Labatt Limited;
 
 
 6
 Rick Skawinski, Legal Compliance Officer of Labatt's USA, Inc.;
 
 
 7
 Steven Hauser, Brand Manager of Labatt's USA, Inc.;
 
 
 8
 Judy Cunningham, Brand Manager of Labatt's USA, Inc.;
 
 
 9
 Alex Stanton, the President of Dorf & Stanton;
 
 
 10
 Jock Soper of Dorf & Stanton;
 
 
 11
 Beth Jabick, Account Supervisor of Dorf & Stanton; and
 
 
 12
 Various employees of Hill Holliday Connors Cosmopoulos Advertising, Inc.
 
 
 13
 The documents are ostensibly relevant to two ongoing lawsuits, which have been consolidated for discovery, between Labatt's and Miller pending in the United States District Court for the Eastern District of Michigan. Dorf & Stanton is not a party in either Michigan lawsuit.
 
 
 14
 At the hearing before the Federal Circuit, the panel requested the documents from Dorf & Stanton's attorneys and deferred action on the appeal. After several months of discussions with the Second Circuit, the district court, and the attorneys, the Chief Deputy Clerk of the Southern District of New York sent 114 pages of material to us. After sifting through that material, we have determined that three documents, totaling 13 pages, are at issue. Miller, however, mentions "four documents" at various places in its brief, but its confusion undoubtedly stems from changes that Dorf & Stanton made to the description of a single document between two versions of its privilege log, as discussed further below. Miller, not having the benefit of seeing this document, is counting it twice. We are confident that Miller wants unredacted copies of the handwritten notes taken by the three Dorf & Stanton employees who attended the 9 May 1994 meeting.
 
 
 15
 The appendices to this opinion includes two privilege logs. Log 1 is a copy of Dorf & Stanton's original privilege log at issue in Miller's motion to compel. Log 2 is a more recent, expanded version of original Log 1. We have added letters to the left edge of each log to be able to readily identify key documents in this opinion.
 
 
 16
 Looking first at Log 1, documents (a), (b), (d), and (A) are the original four documents that Miller wanted produced. In response to Miller's motion to compel production of these documents, Judge Patterson of the Southern District of New York held a hearing on 22 November 1994. At the hearing, Judge Patterson offered to review the four documents in camera. Dorf & Stanton, however, had failed to bring the four documents to the hearing. Nevertheless, from his review of Log 1, the judge concluded that he did not need to see the documents to order them produced, stating, "From what I saw [Log 1] they were not entitled to privilege, period."
 
 
 17
 In accordance with Judge Patterson's 22 November Order, Dorf & Stanton produced documents (a), (b), and (d). It did not, however, produce document (A), which relates to the 9 May 1994 meeting. Instead, it filed a motion for modification of the 22 November 1994 Order to shield document (A) from production. In its motion papers, Dorf & Stanton not only tried to justify withholding document (A) as privileged, but also wanted the court to go further and hold that documents (B) and (C) (see Log 2), which were not involved in the 22 November hearing and which were not listed on Log 1, but which relate to the same 9 May meeting, are also privileged. Documents (A), (B), and (C) are the handwritten notes taken by Alex Stanton, Jock Soper, and Beth Jabick, respectively, during that meeting. Apparently, while scrutinizing the four documents that Judge Patterson had ordered it to produce, Dorf & Stanton first realized the connection between documents (A), (B), and (C). Dorf & Stanton had previously produced documents (B) and (C) in redacted form several weeks before Miller filed its motion to compel production of the documents in Log 1.
 
 
 18
 On 8 December 1994, Miller received Log 2 from Dorf & Stanton. Log 2 includes documents (A), (B), and (C), as well as six other documents not on original Log 1. It thus includes eight new documents and does not include the three documents Dorf & Stanton produced in response to Judge Patterson's 22 November Order (i.e., (a), (b), and (d)).
 
 
 19
 With its motion for modification of the 22 November 1994 Order, Dorf & Stanton gave documents (A), (B), and (C) to the district court under seal; this was the first time the court had actually seen any of these documents. In its memorandum supporting its motion, Dorf & Stanton made the following claim:
 
 
 20
 On grounds of privilege, [Dorf & Stanton] withheld from production all of the notes taken by all of its employees who attended the May 9 meeting: Alex Stanton, Beth Jabick, and Jock Soper. . . . However, Miller objected only to withholding Mr. Stanton's notes [document (A)], not those of Ms. Jabick [document (C)] or Mr. Soper [document (B)]. . . . [Dorf & Stanton] has provided the Court, under seal, copies of the unredacted versions of Ms. Jabick's and Mr. Soper's notes to demonstrate that all three sets of notes are privileged, and none should be produced.
 
 
 21
 On 4 January 1995, the district court conducted a hearing on Dorf & Stanton's motion for modification. In its resulting 19 January 1995 decision, the district court stated that it adhered to its original order. 1995 U.S. Dist. LEXIS 507, * 4, 1995 WL 23603, * 2. Part of the court's rationale for doing so included the following:
 
 
 22
 [Dorf & Stanton] still [has] not established that the privilege ever existed as to any of the documents sought to be protected. . . . There has been no showing that [Dorf & Stanton was] seeking legal advice at the [9 May] meeting.[1] . . . The documents themselves do not indicate either the seeking of legal advice or the confidentiality of their contents.
 
 
 23
 Id. at * 3 - * 4, 1995 WL at * 1 (footnote added). Somewhat confusingly, however, the district court made reference to documents (B) and (C) when it ordered "the documents submitted under seal . . . unsealed for production to [Miller] by January 23, 1994 [sic, 1995]." Id. at * 4, 1995 WL at * 2. The "documents submitted under seal" were documents (A), (B), and (C). We conclude, therefore, that Judge Patterson not only adhered to his 22 November 1994 Order to produce document (A), but also expanded that order to include related documents (B) and (C). This view is consistent with the view of Dorf & Stanton's attorneys in their letter of 14 May 1996 to this court. In that letter, an attorney representing Dorf & Stanton described "[t]he three documents most relevant to this appeal." The descriptions correspond to documents (A), (B), and (C).
 
 II.
 Standard of Review
 
 24
 Dorf & Stanton asserts that, although the normal standard of review regarding discovery is an abuse of discretion standard, the application of the attorney-client privilege presents a mixed question of law and fact, which should be reviewed de novo. Dorf & Stanton also asserts that the Second Circuit must be looked to for the proper standard of review. Miller disagrees with the standard of review asserted by Dorf & Stanton and asserts that the abuse of discretion standard applies.
 
 
 25
 Because an order compelling discovery is not unique to patent law, we agree that Second Circuit law must be considered for the proper standard of review. Cf. American Standard Inc. v. Pfizer Inc., 828 F.2d 734, 739, 3 USPQ2d 1817, 1819 (Fed. Cir. 1987) (regional circuit law applies to orders refusing to compel discovery) (citing Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc., 813 F.2d 1207, 1209, 2 USPQ2d 1034, 1036 (Fed. Cir. 1987); Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1022 n.4, 228 USPQ 926, 929 n.4 (Fed. Cir. 1986)). According to the Second Circuit, "A trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." Cruden v. Bank of New York, 957 F.2d 961, 972 (2d Cir. 1992) (citing Robertson v. National Basketball Ass'n, 622 F.2d 34, 35-36 (2d Cir. 1980); Lehigh Valley Indus., Inc. v. Birenbaum, 527 F.2d 87, 93 (2d Cir. 1975)).
 
 III.
 Failure to Establish Privilege
 
 26
 We have reviewed documents (A), (B), and (C) and are not convinced that Judge Patterson clearly abused his discretion when he ordered them produced. In response to Miller's motion to compel production of document (A) and other documents, Dorf & Stanton failed to convince the district court with either its written or oral arguments that document (A) was privileged. Dorf & Stanton did not even take the documents in Log 1, including document (A), to the first hearing for the judge to review in camera. Only after being ordered to produce document (A) did Dorf & Stanton scrutinize that document and only after scrutinizing that document did Dorf & Stanton realize that it had treated the production of related documents (B) and (C) differently. Then, in its motion for modification of the 22 November Order to produce document (A), Dorf & Stanton finally put forth both its best arguments and evidence for withholding document (A) as privileged and its first clear attempt to shield documents (B) and (C) from production as privileged. The district court was not, however, convinced by Dorf & Stanton's arguments.
 
 
 27
 Dorf & Stanton thus had multiple opportunities to bolster its claimed privilege in these three documents, but failed to do so. This is not a case where a party inadvertently omitted documents from its privilege log and is getting "nailed" for its inadvertence. It also is not a case where a party merely failed to comply with what it asserts are technicalities of a demanding local rule. Rather, this is a case where a party failed to meet the requirements of a valid local rule, failed to treat related documents consistently, and then failed to use its best efforts to cure the problems created by its first two failures until it was too late, coming in with full throttle only after a crash was imminent.
 
 IV.
 Waiver of Privilege
 
 28
 Judge Patterson's 22 November Order compelled production of document (A) on the ground that Dorf & Stanton had waived its claim to privilege by failing to satisfy Local Civil Rule 46(e) and Rules 45 (d)(2) and 26(b)(5) of the Federal Rules of Civil Procedure. In particular, Dorf & Stanton "fail[ed] to provide a complete privilege log demonstrating sufficient grounds for taking the privilege." 1995 U.S. Dist. LEXIS 507, * 1, 1995 WL 23603, * 1. At the 4 January 1995 hearing, Dorf & Stanton also sought to protect documents (B) and (C), which it had not listed on Log 1 that had been found legally insufficient to support the claim of privilege. The district court's 19 January 1995 decision denied reconsideration of the earlier waiver ruling and concluded that the privilege had been similarly waived as to documents (B) and (C).
 
 
 29
 The Second Circuit has held that "[a] district court's finding that a defendant has waived the attorney-client privilege is reviewed under the abuse of discretion standard." United States v. Bilzerian, 926 F.2d 1285, 1293 (2d Cir.) (citing In re von Bulow, 828 F.2d 94, 101 (2d Cir. 1987)), cert. denied, 502 U.S. 813 (1991). Since we perceive no error in the determination that the privilege has been waived on the facts of this case, we cannot say that the district court abused its discretion in its alternative ground for compelling production of documents (A), (B), and (C) on the grounds of waiver of the privilege.
 
 V.
 Conclusion
 
 30
 We cannot say that the district court clearly abused its discretion in determining after in camera review that Dorf & Stanton's documents are not privileged. Similarly, we cannot say that the district court abused its discretion when it determined that Dorf & Stanton had waived any attorney-client privilege that it may have been able to claim for documents (A), (B), and (C) on attached Log 2. We must, therefore, affirm the district court's order of 19 January 1995 for Dorf & Stanton to produce documents (A), (B), and (C).
 
 AFFIRMED
 
 31
 NEWMAN, Circuit Judge, dissents.
 
 APPENDIX 1 of 2
 LOG 1
 
 32
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLEAPPENDIX 2 of 2
 
 LOG 2
 
 33
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLENEWMAN, Circuit Judge, dissenting.
 
 
 34
 The Miller Brewing Company served third party subpoenas, returnable in the Southern District of New York, on Dorf & Stanton Communications, Inc. and Hill, Holliday, Connors, Cosmopulous, Inc., the public relations and advertising agents of the Labatt companies. Labatt is engaged in patent and trademark litigation with Miller Brewing and the other appellees, in federal court in Michigan. The subpoenas seek discovery, document production, and testimony related to issues involved in the Michigan litigation.
 
 
 35
 This appeal concerns a claim of attorney-client privilege for certain records of a meeting among Labatt's lawyers and employees, representatives of Dorf & Stanton, and representatives of Hill, Holliday. The records are handwritten notes taken at the meeting by three Dorf & Stanton principals. Included in the notes are details of the issues in litigation, statements of Labatt's legal strategy in the litigation, legal advice concerning advertising use of the trademarks that are in litigation in view of the litigation positions, legal advice concerning public relations in view of the litigation positions, and other information concerning litigation issues as they relate to the advertising and public relations activities of Dorf & Stanton and Hill, Holliday on behalf of Labatt.
 
 
 36
 The panel majority holds that these notes and the meeting itself do not warrant the protection of the attorney-client privilege or work product immunity. I can not agree. The information recorded in the notes is directly concerned with litigation issues, is confidential legal advice and litigation information, and was exchanged between Labatt's counsel and agents of Labatt in order to protect Labatt's legal interests. Federal Rule of Civil Procedure 26(b)(3) requires the court to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." The information here at issue involves mental impressions, conclusions, opinions, and legal theories of Labatt's attorneys concerning the ongoing litigation. Thus I respectfully dissent from the panel majority's holding that there is no privilege or that it has been waived or otherwise lost.
 
 The Agency Relationship
 
 37
 It is well established that communications between the lawyer and agents of the client, concerning the client's legal interests as necessary and reasonable to the agency function, do not destroy the privileged nature of such communications. Applying Second Circuit law, see United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961) (communications between agent who assists client in his business and client's lawyer is privileged), a client that conducts its business through an agent does not thereby lose the attorney-client privilege for information that is exchanged between the client's attorney and agent. Communications concerning the client's legal and litigation interests as relevant to the agency's function are no less privileged than if the exchanges were directly between attorney and client. See U.S. v. Schwimmer, 892 F.2d 237, 244 (2d Cir. 1989) (protection afforded by privilege extends to communications made to agents assisting client or assisting client's attorney); cf. In re Beiter Co., 16 F.3d 929 (8th Cir. 1994) (presence of an outside consultant who is intimately involved with the client's business does not waive the privilege when it is clear that the communications with the consultant are for the purpose of legal advice on the client's behalf).
 
 
 38
 Privilege attaches to communications with agents in part because of their role in the client's ability to act upon and give effect to the legal advice that the privilege encouraged the client to obtain. See Paul R. Rice, Attorney-Client Privilege in the United States Section(s) 5:7 at 334 (1993). Rice explains that agents who communicate with the client's counsel on legal and litigation matters within the scope of their agency represent the confidential interest of the client in such communications. Id. Further, the precedent of the Southern District of New York illustrates that the presence of a third-party agent does not destroy the attorney-client privilege. In H.W. Carter & Sons, Inc. v. The William Carter Co., 1995 WL 301351 (S.D.N.Y. 1995) the court held that the presence of a public relations consultant did not destroy the privilege.
 
 
 39
 Thus the attorney-client privilege attaches to confidential communications to which agents are privy because of the client's employment of the agents to conduct the activities having legal and litigation import. The meeting of Labatt's advertising agent and public relations agent with Labatt's attorney, for the purpose of assuring that the agents take legally correct actions on the client's behalf, is fully within the safeguard of the attorney-client privilege.
 
 Violation of Local Rule 46(e)
 
 40
 The panel majority proposed the alternative ground of loss of the privilege based on the respondents' inadequate compliance with the district court's local rule. Again, I respectfully dissent. The procedures followed do not warrant this result.
 
 
 41
 Miller Brewing served a broad discovery subpoena on Dorf & Stanton to take depositions of unnamed persons on broad subjects including: "Any work performed by Dorf & Stanton on behalf of Labatt in connection with (a) `ice beer' including without limitation Labatt Ice; or (b) the Ice Litigation . . .;" "Communication plans or publicity plans for (a) `ice beer' including without limitation Labatt Ice; or (b) the Ice Litigation . . .;" press releases, promotions and media tours for Ice Beer and "[a]ny instructions, objectives, or goals provided to Dorf & Stanton by Labatt concerning (a) `ice beer' including without limitation Labatt Ice; (b) the Ice Litigation; or (c) the use of the term `ice.'" In sum, the subpoena demanded all documents in Dorf & Stanton's possession relating to the deposition topics, including "the Ice Litigation."
 
 
 42
 Dorf & Stanton replied to the subpoena within the 14 days set in Fed. R. Civ. P. 45(c)(2)(B), and raised the issues of attorney-client privilege and work-product protection. Subsequently, Dorf & Stanton produced responsive non-privileged documents and filed a brief description of the four documents that had been withheld as privileged. See Fed. R. Civ. P. 45(d)(2). Miller Brewing moved to compel production of the documents listed on the first privilege log, without objecting to the description of the privileged documents. The trial judge ordered production of the documents. Dorf & Stanton produced three of the four documents, and provided a second, more detailed, privilege log to which was added two documents that had previously been produced in totally redacted form but that had not also been listed on the first log. The trial judge found this description insufficient under the court's Local Rule 46(e). Rule 46(e)(2)(ii)(A) lists the information that shall be provided in the objection to a document request:
 
 
 43
 (A) for documents: (1) the type of document; (2) general subject matter of the document; (3) the date of the document; (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other;
 
 
 44
 The logs attached to the panel majority's opinion show how these requirements were met. Indeed, the panel majority does not mention any alleged deficiencies. Neither does Miller Brewing.
 
 
 45
 Miller Brewing argues that because Dorf & Stanton did not provide a complete privilege log within two weeks of the service of the subpoena, with all documents for which a claim of privilege was made, Dorf & Stanton failed to comply with the rules. The consequence, according to Miller Brewing, is loss of the privilege. The premise is incorrect. Dorf & Stanton responded to the subpoena within 14 days stating that it was claiming the attorney-client privilege, provided a privilege log at the time of responding, and corrected its minor errors without any assertion by Miller Brewing that it had been prejudiced. Local Rule 46 does not require that a complete privilege log be filed within 14 days of service of the discovery subpoena. Cf. Ventre v. Datronic Rental Corp., 1995 WL 42345, * 3 - * 5 (N.D. Ill. Feb. 2, 1995) (privilege claims are asserted "at or before the time specified for compliance with the subpoena").
 
 
 46
 Even if there were inadequate initial compliance with the local rule, if the inadequacy was remedied and absent prejudice the consequence is not automatic loss of the privilege. Cf. Ventre, 1995 WL 42345 at * 4 ("a failure to comply with [Federal] Rule 45(d)(2) does not automatically result in a waiver of privilege claims"). Local rulings to this effect include Hyundai Merchant Marine v. United States, 1991 WL 190563, * 4 (S.D.N.Y. Sept. 16, 1991) (giving subpoenaed party time to comply with local rule); and Grossman v. Schwarz, 125 F.R.D. 376, 386 (S.D.N.Y. 1989) (no waiver of privilege even when violation of Local Rule 46(e) was "particularly glaring").
 
 
 47
 In reviewing the denial of a claim of privilege it is always necessary to consider the nature of the proposed discovery and the content of the withheld documents. Dorf & Stanton provided five affidavits describing the basis of its privilege claims for the three documents at issue. The panel majority has not discussed the local rule, its reasonable compliance, the subject matter of the challenged documents, and the absence of prejudice. All of these factors should be considered before endorsing a blanket elimination of the attorney-client privilege on the ground of a local rule that was not, in fact, violated. Thus I can not agree that the privilege was correctly deemed waived in these circumstances.
 
 
 
 [1]
 It is clear from the Dorf & Stanton affidavits submitted with the documents under seal that Labatt's USA, Inc. organized the meeting, not Dorf & Stanton