In re APPLICATION FOR SUBPOENA TO Michael I. KROLL.

**Kai USA Ltd., d/b/a Kershaw Knives, Plaintiff,**

v.

**Camillus Cutlery Company, Defendant.**

No. 04 MISC. 177.

United States District Court, E.D. New York.

Oct. 27, 2004.

Edwin D. Schindler, Coram, NY, Attorney for the Non-party Movant.

Bond, Schoeneck & King, PLLC, by George R. McGuire, of Counsel, Syracuse, NY, by James Patrick Clark, of Counsel, Garden City, NY, Attorneys for the Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The present motion to quash is before this Court on the miscellaneous docket, and arises in the context of a patent infringement suit brought in the District Court for the Western District of Oregon by plaintiff Kai USA Ltd., d/b/a Kershaw Knives ("Kershaw" or the Plaintiff), and against the defendant Camillus Cutlery Company ("Camillus" or the Defendant). Michael A. Kroll, Esq.

("Kroll"), a non-party patent attorney, moves this Court under Rule 45(c) of the Federal Rules of Civil Procedure to quash the subpoena duces tecum dated July 12, 2004, and served on Kroll by the Defendant in the underlying infringement action. Kroll asserts that the documents requested are privileged. For the following reasons, the motion is denied.

## I. BACKGROUND

The underlying action pending in the District of Oregon involves an allegation that the Defendant infringed on U.S. Patent No. 6,145,202 (the "'202 patent"), purportedly invented by one Kenneth Onion and now owned by the Plaintiff. Initially, the application for the 202 patent was rejected by the U.S. Patent and Trademark Office due to the existence of an earlier application, U.S. Patent No. 5,802,722 (the "'722 patent"), which was filed by Kroll on behalf of named inventors Michael Maxey and Helga Maxey.

After the 202 patent application was rejected, Plaintiff obtained an assignment of the 722 patent from the Maxeys and filed a formal request for the named inventor to be changed to Kenneth Onion, which was granted by the U.S. Patent and Trademark Office. Subsequently, the '202 patent was issued because Onion was now the named inventor of both the '722 and '202 patents, and thus, the '722 patent was no longer considered prior art.

The '722 patent is not alleged to be infringed by the Plaintiff in the underlying action, nor is its validity or inventorship at issue. Instead, Camillus seeks to defend the underlying action by obtaining evidence regarding the '722 patent that Kroll prepared and filed. On July 12, 2004, Defendant issued a subpoena duces tecum on Kroll seeking, among other things, "[a]ll documents and things referencing, evidencing, or otherwise relating to the prosecution of the application issuing as the '722 patent," and "[a]ll documents evidencing or referencing the date on which Michael and/or Helga Maxey first contacted you." (Kroll's Mem. of Law Ex. A). Plaintiff served the subpoena despite Kroll's prior written objection that the documents

**328**

sought were protected by the attorney-client privilege.

On July 22, 2004, Kroll filed this motion to quash the subpoena claiming that the documents and date are protected by the attorney-client privileged. On the other hand, the Defendant seeks an order in this Court compelling the production of: (1) any responsive documents not protected by the attorney-client privilege; and (2) a privilege log identifying and describing all responsive documents to which Kroll believes a privilege applies. The Defendant also requests that all privileged documents be turned over under the theory that the communications were in furtherance of the commission of a fraud.

## II. DISCUSSION

■ Rule 45 of the Federal Rules of Civil Procedure protects non-parties subject to a subpoena by vesting the court in which the subpoena was issued with the power to "quash or modify the subpoena if it ... requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed.R.Civ.P. 45. The party claiming the privilege has the burden of establishing the essential elements of the privilege. *United States v. Construction Prods. Research*, 73 F.3d 464, 473 (2d Cir., 1996); *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987). Furthermore, Rule 45 requires that the party claiming a privilege prepare a privilege log detailing "the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." Fed. R.Civ.P. 45(d)(2). Failure to submit a privilege log may be deemed a waiver of the underlying privilege claim. *Dorf & Stanton Communications, Inc. v. Molson Breweries*, 100 F.3d 919, 923 (Fed.Cir.1996); *see also In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir.2001); *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189 (D.D.C.2003).

In this case Kroll did not prepare a privilege log in response to the subpoena as required by Rule 45. Instead, Kroll brought this motion, claiming that the preparation of a log would reveal the date upon which Kroll first met with the Maxeys. Kroll submits that the date is protected by the privilege

because its disclosure may shed light on his clients' date of invention, if one were to infer that the date of invention would come before the commencement of the attorney-client relationship. Thus the Court must examine whether the date when an attorney-client relationship is formed is protected by the attorney-client privilege.

■ Fed.R.Evid. 501 requires that federal law govern the analysis of the attorney-client privilege in any action arising out of federal law. *See United States v. Goldberger & Dubin, P.C.*, 935 F.2d 501, 505 (2d Cir. 1991); *von Bulow v. von Bulow*, 811 F.2d 136, 141 (2d Cir.1987). Generally, a court looks to Federal Circuit law when deciding issues unique to patent law. *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (applying Federal Circuit law in reviewing whether an invention record was a communication to an attorney). However, a court applies the law of the circuit in which the district court sits on non-patent issues. *Dorf & Stanton*, 100 F.3d at 922 (applying Second Circuit law in reviewing whether attorney-client privilege applied to an order compelling discovery). The key inquiry is whether the issue implicates or is essentially related to patent law. *In re Spalding*, 203 F.3d at 803. It has been held that "[a]n order quashing a subpoena is not unique to patent law." *Truswal Systems Corp. v. Hydro–Air Engineering, Inc.*, 813 F.2d 1207, 1209 (Fed. Cir.1987). Here, the existence of a patent is irrelevant to the issue of whether the date of the commencement of an attorney-client relationship should be privilege. Therefore, this Court looks to the Second Circuit, rather than the Federal Circuit, in deciding whether the privilege is applicable under these circumstances.

■ It is well settled that the attorney-client privilege only protects confidential communications between client and counsel that are made for the purpose of obtaining or providing legal advice. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *United States v. Construction Prods. Research*, 73 F.3d 464, 473 (2d Cir.1996); *United States v. Adlman*, 68 F.3d 1495, 1499 (2d Cir.1995). The law in

the Second Circuit is clear that the privilege does not extend to the structure and framework of the attorney client relationship. "[T]he identity of a client, or the fact that a given individual has become a client are matters which an attorney normally may not refuse to disclose...." *Colton v. United States*, 306 F.2d 633, 637 (2d Cir.1962); *see, e.g., Condon v. Petacque*, 90 F.R.D. 53, 54 (N.D.Ill.1981) (declining to extend the attorney-client to "the dates upon which services are rendered"). "While consultation with an attorney, and payment of a fee, may be necessary to obtain legal advice, their disclosure does not inhibit the ordinary communication necessary for an attorney to act effectively...." *In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238, 247–248 (2d Cir. 1986).

■ Mere disclosure of a meeting does not necessarily reveal the client's purpose in seeking consultation. *Vingelli v. DEA*, 992 F.2d 449, 453 (2d Cir.1993). The client may be meeting with the attorney regarding a legal question or for numerous other reasons. *Id.* As such, the substance of the meeting may be privileged, but the fact of the meeting itself is not because it does not reveal any confidential communications. *Id.* "This result follows from defining the privilege to encompass only those confidential communications necessary to obtain informed legal advice." *In re Shargel*, 742 F.2d 61, 62 (2d Cir.1984).

■ The attorney-client privilege protects confidential communications, not information that may have an adverse affect on the client. As such, the identification of clients or meetings therewith, does not disclose nor imply a confidential communication. *See id.* at 63–64. In light of these principles, Kroll's reason for his refusal to submit a privilege log is without merit. Kroll's claim that the Defendant may obtain information about the date Kroll's client conceived the invention—a fact that may be privileged—by discovering the date Kroll first met with his clients is insufficient to establish the attorney-client privilege. Moreover, the Court does not agree that the date of invention must necessarily be prior to the formation of the attorney-client relationship. Kroll's ar-

gument requires one to assume that the Maxeys never consulted an attorney for any reason before allegedly conceiving the invention.

■ Kroll is correct in asserting that the subpoena appears to seek confidential information, namely, the invention record. Generally, an invention record constitutes a privileged communication if it is provided to an attorney for the purpose of securing legal advice. *In re Spalding*, 203 F.3d at 805. However, "[w]hether the attorney client privilege applies should be determined on a case-by-case basis." *Id.* (citing *Upjohn Co. v. United States*, 449 U.S. 383, 396, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)). The court in *Spalding* held that the district court properly ruled the invention record was privileged, noting that the district court had a full opportunity to review the materials. *Id.*

In this case, Kroll's refusal to prepare and reveal a privilege log as required under Fed. R.Civ.P. 45(d)(2) effectively deprived the Court of the ability to determine whether the documents requested in the subpoena are protected by a privilege. Kroll's blanket statement that all 12 requests in the subpoena seek privileged information is insufficient to prove the essential elements of the attorney-client privilege. Accordingly, Kroll's motion to quash the subpoena is denied and Kroll is directed to comply with the subpoena. If Kroll withholds information on a claim that it is privileged, "the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced" in accordance with Fed.R.Civ.P. 45(d)(2). The Court recommends that any dispute arising out of such privilege log be resolved by the District Court of Oregon, which is familiar with the underlying action.

Because the Court was unable to determine whether a privilege applies to any request under the subpoena, the issue of whether to pierce the attorney-client privilege under the crime-fraud exception is need not be decided.

## III. CONCLUSION
Based on the foregoing, it is hereby

**ORDERED** that the motion to quash the subpoena duces tecum by Kroll is **DENIED;** and it is further

**ORDERED** that Kroll is to prepare a privilege log identifying and describing all responsive documents to which a privilege may apply as required by Rule 45(d)(2) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that Kroll is to produce responsive documents not protected by the attorney-client privilege as commanded by the subpoena duces tecum.

**SO ORDERED.**