544 F.2d 863
 1977-1 Trade Cases 61,236
 Ruth S. GUERINE, Samuel Portnoy, Blanche Portnoy, Joseph
Dicola and Gloria Dicola, his wife; Alfred J.
Silberger and Ruth Silberger, his wife;
and Ubaldo N. Marino,
Plaintiffs-Appellants,
v.
J & W INVESTMENT, INC., et al., Defendants-Appellees.
 No. 76-1572.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 3, 1977.
 
 Jeffrey E. Streitfeld, Becker & Poliakoff, P.A., Miami Beach, Fla., for plaintiffs-appellants.
 Frederick E. Hollingsworth, Palm Beach, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before MORGAN and GEE, Circuit Judges, and HUNTER, District Judge.
 PER CURIAM:
 
 
 1
 This appeal involves initial skirmishes in an antitrust action concerning a Florida condominium complex. Owners of condominium units attack the validity of a long term recreational lease into which they entered as a condition of purchase of their units. Appellants challenge the order of the district court, (1) revoking a previous order permitting the case to proceed as a class action, and (2) dismissing, without prejudice, the individual claims of appellants because of the pendency of state court litigation.
 
 THE CLASS ACTION
 
 2
 The decertification order of January 26, 1976 stated:
 
 
 3
 On December 2, 1975, the court entered its order determining that the named plaintiffs in this cause were proper representatives of a class consisting of all persons who have purchased and presently own condominium units in the Royal Coast Condominium, subject to the provisions of the 99 year recreation lease which is the subject of the present litigation. Such order directed the plaintiffs, within 30 days of the date thereof, to mail notice of the pendency of the action, in the form approved by the court, to all members of the class described in paragraph 1 of the order. The plaintiffs on December 22, 1975, served copies of a motion for order approving notice of pendency of action and extending the time for mailing notice upon counsel for the respective defendants. None of the reasons advanced in the motion constitutes a sufficient excuse for non-compliance with the court's order of December 2, 1975, particularly in view of the fact that an order setting this case for pretrial conference was entered on January 12, 1976. The court entered an order calling up all pending motions for hearing on January 21, 1976, at 2:45 P.M. No attorney appeared on behalf of the plaintiffs at such hearing. Jeffrey E. Streitfeld advised the court by telephone that Jones and Montgomery were no longer representing the plaintiffs and that he was considering accepting employment by the plaintiffs as substitute counsel although he had not yet accepted employment, and that he had been advised that the hearing was set for January 22, 1976, rather than January 21, 1976, as provided in the court's order. * * * .
 
 
 4
 The court is now of the opinion that the named plaintiffs by their inability or unwillingness to expend approximately $26.00 in mailing costs and the inconsiderable time and effort required to comply with the court's order of December 2, 1975, and their failure to make adequate provision for representation at the hearing of January 21, 1976, have demonstrated that they cannot be relied upon to properly represent and protect the interest of the class which they seek to represent herein. Accordingly, pursuant to paragraph 6 of the court's order of December 2, 1975, such order is revoked and plaintiffs are not permitted to proceed with this suit as a class action.
 
 
 5
 A decision as to class certification is not immutable. Rule 23(c)(1) empowers and requires a court to carefully scrutinize the adequacy of representation in all class actions. Even where a qualified attorney initially proceeds vigorously with the prosecution of an action, the court must throughout the proceedings, stringently apply the requirement of adequate representation, and if it becomes apparent that such representation is not being afforded, withdraw class status from the suit. Eisen v. Carlisle and Jacquelin (2nd Cir. 1968), 391 F.2d 555, 562; Gonzales v. Cassidy (5th Cir. 1973), 474 F.2d 67, 73. Just what measure of representation is adequate is a question of fact that depends on each peculiar set of circumstances. Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir. 1969); Aamco Automatic Transmissions, Inc. v. Tayloe, 67 F.R.D. 440 (E.D.Pa.1975).
 
 
 6
 In this case, plaintiffs have made some mistakes and exhibited serious weaknesses. Their initial complaint was not the paragon of clarity. They failed to file memoranda opposing defendants' motions within the required time. They failed to ask for an extension of time for mailing class notices until 11 days before the deadline. Due to faulty communications, counsel missed a crucial hearing. Each of these missteps arose from the work of an attorney who no longer represents plaintiffs.
 
 
 7
 The district court was commendably insistent on having the case proceed with dispatch. Under Federal Rules of Civil Procedure, Rule 23, a class action determination is one of a trial court's considered discretion. We cannot quarrel with the court's conclusion that plaintiffs, with their then counsel of record, were not asserting the interest of the class with vigor and forthrightness. He had every reason to believe that they were "dragging their feet," when he issued the order of January 26th. Be that as it may, on January 29, 1976, Mr. Streitfeld filed a motion for rehearing and/or reconsideration. This motion set forth substantial factual allegations concerning justifiable reasons for the failure of plaintiffs to mail the notices and a justifiable basis for failure of plaintiffs to attend the January 21st hearing.
 
 
 8
 We hold that under these circumstances the trial court erred in not granting an evidentiary hearing on the motion for rehearing. Accordingly, the order of the district court striking the class action is vacated. The case is remanded for a hearing on the issue of adequacy of representation. We, of course, intimate no view as to what the district court's decision should be on the
 
 
 9
 merits of that issue. DISMISSAL WITHOUT PREJUDICE OF THE
 
 INDIVIDUAL ANTITRUST CLAIMS OF APPELLANTS
 
 10
 Because of the grant by Congress to federal courts of exclusive jurisdiction over the anti-trust laws of the United States, it was error for the district court to dismiss the complaint. Miller v. Granados (5th Cir. 1976), 529 F.2d 393.
 
 
 11
 REVERSED AND REMANDED.