**Beverly J. McLENDON and Eunice Maria Franklin, Individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**M. DAVID LOWE PERSONNEL SERVICES, INC., M. David Lowe Personnel Services, a Texas Partnership, Southwest Personnel Services, Inc., Town & Country Personnel, Inc., and M. David Lowe's Temporaries, Inc., Defendants.**

Civ. A. No. 75–H–1185.

United States District Court,
S. D. Texas,
Houston Division.

Aug. 9, 1979.

Gordon R. Cooper, Houston, Tex., for plaintiffs.

Robert Stein, Tom Fillion, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

CIRE, District Judge.

This action is before the Court on a Joint Motion for Decertification. Plaintiffs filed their Complaint with class action allegations in 1975, alleging a cause of action for racial discrimination in employment under 28 U.S.C. § 2000e, et seq. After initial discovery was completed, the class was certified under Rule 23(b)(2), Fed.R.Civ.P. In a later Order granting the Plaintiffs' motion to expand the class, the class was defined as:

". . . those Black and Mexican-American persons who have sought employment in the past or may seek employment in the future with the Defendants as Placement Consultants (or its equivalent), as well as all those Black and Mexican-American persons who have been, are, or may in the future be employed by the Defendants as Placement Consultants (or their equivalent)."

In a hearing on the joint motion for decertification, testimony was heard from Mr. Richard W. Walker, Vice-President and General Manager of Defendant, M. David Lowe Personnel Services. Mr. Walker supervised the compilation of the Defendants' records in connection with additional discovery undertaken by the parties since the class was certified. Mr. Walker testified that all the Defendants are involved in the personnel placement business and as such they only act as an employer when hiring persons for the position of Placement Consultant. It is the principal portion of the Defendants' business to receive applications from persons seeking employment elsewhere and to process these applications and conduct interviews through the Placement Consultants. A person considered for a position with the Defendants as a Placement Consultant goes through the same application and interview procedures as any other applicant seeking employment generally. Consequently, there is no means available to the Defendants to separate a general application for employment from an application for employment as a Placement Consultant with the Defendants. Mr. Walker noted that he has made a "massive effort" to go through applications for employment to identify those who may have wanted to apply for a position specifically with the Defendants. Not only was this task made insurmountable by sheer numbers as the Defendants receive 50,000–60,000 applications per year, but Mr. Walker found that the applications do not reveal whether the applicant was applying for a position with the Defendants.

Mr. Walker encountered an additional obstacle in reviewing the Defendants' applications for this proceeding. Because a person's race or national origin is not noted on an application, there was no means availa-

ble to identify Black or Mexican-American persons other than to contact each applicant personally.

■ A decision as to class certification is not immutable. *Guerine v. J & W Investment, Inc.,* 544 F.2d 863 (5th Cir. 1977). Under the appropriate circumstances a class once certified can be decertified. *Link v. Mercedes-Benz,* 550 F.2d 860 (3rd Cir.), cert. denied, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977); *Samuel v. University of Pittsburgh,* 538 F.2d 991 (3rd Cir. 1976); *Zenith Labs., Inc. v. Carter-Wallace, Inc.,* 530 F.2d 508 (3rd Cir.), cert. denied, 429 U.S. 828, 97 S.Ct. 85, 50 L.Ed.2d 91 (1976). The Advisory Committee Notes on Rule 23 envision alteration or amendment of a class certification "if, upon fuller development of the facts, the original determination appears unsound." It has been held that a class should be decertified only where it is clear that there exist changed circumstances making continued class action treatment improper. *Sley v. Jamaica Water and Utilities, Inc.,* 77 F.R.D. 391 (E.D.Pa.1977).

■ Further discovery and development of the facts pertaining to the Defendants' application procedures and employment practices has revealed that the class as certified herein cannot be maintained. The record contains no indication that numerous such people exist or the probability of others who may become class members in the future. See *Carpenter v. Davis,* 424 F.2d 257 (5th Cir. 1970). An action that does not satisfy the prerequisite of "numerosity" found in Rule 23(a)(1) cannot be maintained as a class action. 7 Wright and Miller, Federal Practice and Procedure, § 1762, p. 592 (1972).

Additionally, this action fails to satisfy a requirement of Rule 23(b)(2). The 23(b)(2) class action is an effective weapon for the across-the-board attack against systematic abuse. *Jones v. Diamond,* 519 F.2d 1090, 1100 (5th Cir. 1975). The first prerequisite of an action sought to be certified under 23(b)(2) demands that "the party opposing the class has acted or refused to act on grounds generally applicable to the class." This language requires that the conduct, or

lack of it, be premised on a ground that is applicable to the entire class. *Davis v. Weir,* 497 F.2d 139 (5th Cir. 1974). As they have evolved through further discovery, the facts concerning the Defendants' employment practices provide no basis for establishing what the Defendants' conduct was in relation to any persons other than the individual Plaintiffs herein. Thus, the Plaintiffs' cause fails to satisfy the essential prerequisite for an action under Rule 23 that there must be a "class". 7 Wright and Miller, Federal Practice and Procedure, § 1760, p. 579 (1972).

Accordingly, it is ordered that the class previously certified on April 5, 1977 and expanded and further defined on April 29, 1977, be decertified and that the class action allegations contained in the Plaintiffs' Complaint be stricken.