**Charles KELLY, et al., Plaintiffs,**

v.

**SabreTECH INC., Defendant.**

**No. 97–1718–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

July 19, 1999.

George G. Mahfood, Leesfield, Leighton, Rubio & Mahfood, Miami, FL, Thomas Harold Buscaglia, T.H. Buscaglia & Associates, Miami, FL, for Plaintiffs.

James N. Foster, Jr., Michelle M. Cain, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, Thomas McDougal Sherouse, Shook, Hardy & Bacon, Miami, FL, for Defendants.

### ORDER ON MOTION TO DECERTIFY CLASS AND RELATED MOTIONS

MIDDLEBROOKS, District Judge.

THIS CAUSE came before the Court upon the following pending Motions: Defendant's Motion to Decertify Class (or in the Alternative, Motion to Redefine the Class) ("Motion To Decertify") (DE# 81); Plaintiff's Memorandum in Opposition to Defendant's Motion to Decertify the Class and Cross–Motion to Expand the Class Definition ("Memorandum in Opposition") (DE# 102); and Plaintiff's Motion for Court Approval of Plan of Class Action Notice ("Motion on Class Notice")(DE# 107). Plaintiffs have also filed Request for Oral Argument on Motion to Decertify Class (DE# 105). The Court has reviewed the Motion and the pertinent portions of the record in this matter and is otherwise fully advised in the premises.

### I. Background

This class action complaint stems from Sa-

breTech's closing [1] of its Miami International Airport aircraft maintenance and repair facility in 1997. The following facts taken from the Joint Pretrial Stipulation are undisputed. Defendant SabreTech, Inc. operated an FAA-certified independent repair station at Miami International Airport. On May 11, 1996, ValuJet Airlines Flight 592 crashed in the Florida Everglades, resulting in negative publicity for SabreTech and an investigation of the facility. Later that year, in October 1996, SabreTech entered into discussions with Commodore Aviation, Inc., for the sale of certain assets of SabreTech, that eventually culminated in an agreement and sale in January 1997.[2] On January 15, 1997, Sabre-Tech surrendered its FAA repair station license for the Miami facility.

The named Plaintiffs in this action, Charles Kelly, John McCarthy, and Robert McFetridge, were employed by SabreTech at the Miami facility as of November 18, 1996, and by January 18, 1997, they were no longer so employed.[3] Plaintiffs filed suit in May 1997, alleging violation of the notice requirements of the WARN (Worker Adjustment and Retraining Notification) Act, 29 U.S.C. §§ 2101–2109. On January 22, 1998, the Court entered a Stipulation and Order for Class Certification (DE# 38), which states that "[t]he Court hereby conditionally certifies a class consisting of all SabreTech, Inc. employees who were laid off from SabreTech's Miami Facility from November 18, 1996 through January 16, 1997, inclusive (the Class Period). Excluded from the Class are all employees who signed separation agreements with the defendant."[4]

## II. Motions Before the Court

Defendants argue that the class should be decertified because the named Plaintiffs fail to meet the requirements for the maintenance of a class action under WARN,[5] and under Federal Rule of Civil Procedure 23(a) and 23(b)(3). Defendant argues that Plaintiffs are not similarly situated to other proposed class members because Plaintiffs accepted employment with Commodore Aviation, Inc., within a certain period of time after the close of the Miami facility, thus Plaintiffs did not suffer an employment loss.[6]

In addition, Defendant argues that the class should be decertified because Plaintiffs have not provided the class notice required under Fed.R.Civ.P. 23(c)(2).

In the alternative, if the Court were to deny the Motion to Decertify, Defendant argues that the class is overly broad and should be altered to include only those employees laid off between December 17, 1996 and January 16, 1997.[7] Defendant argues that the

---

1. As necessary to describe the alleged events underlying this action, in ruling on this Motion, the Court uses the terms "closing," "lay-off," and "termination" in their common meaning. For example, we use the term "closing" to describe the fact that SabreTech no longer operated out of its Miami facility after January 1997. Unless so indicated, the Court's use of these terms should not be read to connote a "plant closing" or "mass lay off" as defined under WARN.

2. Defendant argues this was a sale of business or part of business, while Plaintiffs argue it was only a sale of assets. The Court does not reach this question in deciding this Motion.

3. As stated in the named Plaintiffs' affidavits, their employment with SabreTech ended on the following dates: Kelly—January 10, 1997; McCarthy and McFetridge—January 16, 1997. (Ex. 8–10, Mem. in Oppos., DE# 102.)

4. As stated by Defendant in its Reply to the Motion for Decertification, Defendant "agreed to stipulate to the class proposed by the Plaintiffs, based solely on the allegations of the complaint,

long before discovery in this matter was completed[,]" with the understanding that Defendants could move at a later date to decertify or alter the class as appropriate. (DE# 119.)

5. Specifically, WARN states that Plaintiffs may bring the action only "for others similarly situated." *See* 29 U.S.C. § 2104(5).

6. Specifically, Kelly began employment with Commodore on May 5, 1997, (Affid. of Charles Kelly, Ex. 8, Mem. in Oppos., DE# 102); John McCarthy began employment with Commodore in May 1997 (Affid. of John McCarthy, Ex. 9, Mem. in Oppos., DE# 102); and Robert McFetridge began employment with Commodore in April 1998, after working for Pan Am (McFetridge Depo., Ex. C, Reply, DE# 119).

7. Defendant indicates that a total of one hundred employees were laid-off in November 1996 through January 17, 1997, as here specified; according to Plaintiffs, 110 employees were laid off on dates they consider relevant to this action. The differences are noted in bold below.

notice requirement is not triggered until fifty employees are laid off, in this case, January 16, 1997, and the duration of the period for "aggrieved employees" extends only thirty days prior to that date. In response, Plaintiff moves to expand the class definition (DE# 102) to include two additional employees who continued to work until February 1997, thereby redefining the class as "all SabreTech, Inc., employees who were terminated from SabreTech's Miami Facility from November 18, 1996 through February 15, 1997, inclusive (the Class Period)." Plaintiffs also move for Court approval of the Plan of Class Action Notice.

In addition to the threshold question of whether this action should proceed as a class action, which the Court resolves in the affirmative, the parties present numerous questions as to the scope of the class and the plan of class notice. Accordingly, the Court addresses each of these Motions in turn.

### III. Legal Standard for Certifying a Class Action

Where Plaintiff seeks to proceed as a class action, Federal Rule of Civil Procedure 23 requires that as soon as practicable after the action commences, the court shall determine whether the action is to be maintained as such. Such order "may be conditional, and may be altered or amended before a final decision on the merits of the action is made." *See* Fed.R.Civ.P. 23(c). The burden of establishing the specific prerequisites to a Rule 23 action falls on those seeking to certify their suit as a class action. *See Gilchrist v. Bolger*, 733 F.2d 1551, 1556 (11th Cir.1984).

In determining whether it is appropriate for an action to proceed as a class action, the court looks to the standards set forth in Federal Rule of Civil Procedure 23(a), which states in pertinent part:

(a) Prerequisites to a Class Action.

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representatives parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition, Rule 23(b) states in pertinent part: [8]

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

. . .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

It is appropriate to bring a class action where the issues involved are common to the class as a whole; the questions of law are applicable in the same way to each class member; and the class action procedure allows for the efficient and economical litigation of a question potentially affecting every class member. *See General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

The class certification question is not a preliminary inquiry into, or evaluation of, the merits of the litigation; as the Supreme

| Defendant's Lay-off Figures: | Plaintiffs' Lay–Off Figures: |
|---|---|
| November 4, 1996: **1** | **0** |
| December 9, 1996: 13 | 13 |
| December 24, 1996:1 | 1 |
| December 31, 1996:0 | 1 (transfer to Orlando) |
| January 2, 1997: **0** | 1 (transfer to Orlando) |
| January 6, 1997: 1 | 1 |
| January 10, 1997: 30 | 30 |
| January 13, 1997: **0** | **3** |
| January 16, 1997: **53** | **58** (including 2 transfers to Orlando) |

| | | |
|---|---|---|
| January 17, 1997: | **1** | 0 |
| February 4, 1997: | **0** | 1 |
| February 15, 1997: | **0** | **1.** |

(Def. Mem. in Support of Mot. to Decertify Class at 14, DE# 82; Ex. 1, Pl. Mem. in Oppos., DE# 102.)

8. Paragraph 10 of the Stipulation and Order on Class Certification (DE# 38) indicates that the class is certified pursuant to Rule 23(a) and Rule 23(b)(3).

**52**

Court has noted, "[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (citations omitted). *See also Love v. Turlington*, 733 F.2d 1562, 1564 (11th Cir. 1984) (trial court may not properly reach merits of underlying action). However, the certification question often entails considerations that are "enmeshed in the factual and legal issues comprising the cause of action[;]" and where necessary, the court may look beyond the face of the pleadings in order to come to a proper conclusion on the certification question. *See General Tel. Co.*, 457 U.S. at 161, 102 S.Ct. 2364. The court, however, will not resolve disputes as to the merits of the claims. *See Lucky v. Board of Regents*, 1981 WL 234, *1 (S.D.Fla.1981).

Courts are free to modify a class certification decision in light of subsequent developments. *General Telephone Co.*, 457 U.S. at 161, 102 S.Ct. 2364 (noting that particularly before notice is sent, such determinations are "inherently tentative"). *See, e.g., Miera v. First Sec. Bank of Utah, N.A.*, 925 F.2d 1237, 1242 (10th Cir.1991)(on remand vacating class certification; denying class certification for new trial). Actual, not presumed, compliance with the requirements of Rule 23 is necessary at all stages when the action is proceeding as a class action. *General Telephone Co.*, 457 U.S. at 161, 102 S.Ct. 2364.

## IV. Analysis of Class Action Certification in This Case

As the previous Stipulation and Order for Class Certification was expressly "conditional," we find that in ruling on Defendant's Motion to Decertify Class, it is appropriate to address the merits that justify the certification of a class under Rule 23 in this case.

### A. The WARN Act

The WARN Act requires employers to give written notice to any "affected employee"[9] sixty days prior to mass layoffs or plant closings that result in the loss of a certain number of jobs.[10] *See* 29 U.S.C. §§ 2101 et seq. Under the Act, employees who are not given proper notice and suffer a resulting employment loss may file a civil action against the employer for damages in an amount equivalent to up to sixty days pay and benefits. *See* 29 U.S.C. § 2104(a). The action is one to compensate the aggrieved employees for the improper termination, *see United Paperworkers Intern. Union v. Specialty Paperboard, Inc.*, 829 F.Supp. 671, 674 (D.Vt.1992), *aff'd*, 999 F.2d 51 (2nd Cir.1993) (analogizing WARN damages to those for wrongful discharge or severance pay, as opposed to back pay compensation for past labor or services); and provide transition time for workers to adjust to the prospective employment loss and obtain alternate employment, 20 C.F.R. § 639.1. A person bringing suit to enforce the employer's WARN liability "may sue either for such person or for other persons similarly situated, or both[.]" *Id.*

### B. Conditional Order

Eight months after the filing of this case, in January 1998, we entered a Stipulation and Order for Class Certification. (DE# 38.) The Order states in pertinent part that there are questions of law and fact common to the class; that it is impracticable to join in the litigation all employees laid off during the class period; that Plaintiffs' claims are typical of the claims of other members, and not antagonistic to or in conflict with the inter-

---

**9.** An affected employee means an employee "who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing or mass layoff by their employer." *See* 29 U.S.C. § 2101(a).

**10.** The parties do not agree on numerous issues including: (1) whether Defendant is an employer within the meaning of the WARN Act; (2) whether Defendant's actions triggered the sixty day notice requirement (specifically, that there was a mass layoff or a plant closing); (3) whether statutory exceptions to the notice requirement apply; (4) whether Defendant failed to provide notice as required; (5) whether Plaintiffs were entitled to notice; and (6) whether Plaintiffs suffered an employment loss. (Joint Pretrial Stipulation, DE# 121.) For the purposes of this Motion, the Court does not resolve these questions.

ests of other members; and that Plaintiffs will fairly and adequately represent and protect the interests of the other members of the class. It further states that common questions predominate over any questions affecting only individual members; and that a class action is superior to other available methods of adjudication and promotes efficient administration of justice and serves the best interests of the parties.

## C. Rule 23 Requirements Satisfied

The Court finds that Plaintiffs have satisfied the requirements of Rule 23 for class certification.

### 1. Rule 23(a)

First, the conjunctive provisions of Rule 23(a) must be met. Defendant does not dispute, and the Court agrees, that The proposed class estimated to consist of between 85 and 110 employees [11] is so numerous that joinder of all members is impracticable. There are questions of law and fact that are common to the class relating to the application of the WARN Act provisions to an alleged common course of action by Defendant SabreTech, relating to terminations of employees that took place on certain dates. The questions include, but are not limited to, whether Defendant is an employer within the meaning of WARN; whether Defendant's actions triggered the sixty day notice requirement (specifically, if there was a "mass layoff" or a "plant closing"); whether statutory exceptions to the notice requirement apply; and whether Defendant failed to provide notice as required.

Furthermore, the Rule 23 typicality requirement has been met. To demonstrate that this prerequisite is satisfied, Plaintiffs must assert a similar interest and similar injury, *see General Tel. Co.*, 457 U.S. at 157, 102 S.Ct. 2364. *See, e.g., Kreuzfeld, A.G. v. Carnehammar*, 138 F.R.D. 594, 599 (S.D.Fla. 1991) (stating typicality inquiry is whether class representative is part of the class, possesses the same interest, and suffers the

same injury as the class members). A finding of typicality can be established by a strong similarity of legal theories and common facts, and is not precluded by allegations of, or presence of, some factual differences between the claims of the named Plaintiff and other class members. *See Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir.1985). We reiterate that we look beyond the face of the pleadings only to the extent necessary to resolve the Motion before the Court, and we do not reach legal or factual questions not properly presented on this Motion. Accordingly, we reject Defendant's assertion, objected to by Plaintiff, that typicality is lacking (therefore the class must be decertified) because Plaintiffs have not suffered an "employment loss" under WARN. The claims of the named plaintiffs are typical of the claims of the class in that they allege they were laid off from their employment with SabreTech (notably, on the same dates as the majority of the employees bringing claims), without proper notice, thus they assert the same interest and the same injury.[12]

In addition, the Court finds that the representative parties will fairly and adequately protect the interests of the class. Defendant argues that the interests of the class have not been protected because Plaintiffs have failed to comply with the Rule 23(c) requirement of sending notice to the proposed class. In determining whether the representation of the class is adequate, the court must examine each particular set of circumstances and actions by counsel. *See Guerine v. J & W Investment, Inc.*, 544 F.2d 863, 864 (5th Cir.1977) (acknowledging it is within district court's discretion to withdraw class status based on finding that plaintiffs "could not be relied upon to properly represent and protect the interest of the class"; remanding for rehearing on issue of adequate representation, however, where motion for rehearing by plaintiffs' new counsel was denied). As a general rule, the representative plaintiffs bears the burden of performing the tasks necessary to provide class notice. *See*

---

11. See Part IV, *infra*, on redefinition of the class.

12. We further find that the representative Plaintiffs are members of the class as later defined in

this Order. *See East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977).

*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 347, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

■ In this case, a proposed plan for class notice has not been filed in compliance with the date specified in the Stipulation and Order on Class Certification. While we recognize that this action has been pending for two years and only now will advance beyond the certification and class notice stage, a review of the entirety of the proceedings indicates that this action has been adequately and vigorously litigated by Plaintiffs' Counsel. Plaintiffs' counsel has the requisite experience and skill to further prosecute this action and has expressed the intent to do so in an appropriate and timely manner. We do not find this representation to be in any way inconsistent with the due process rights of the proposed class. Accordingly, we conclude that this aspect of Rule 23 is satisfied.

### 2. Rule 23(b)

Second, we find that the additional requirement of Rule 23(b)(3), that common questions of law and fact predominate and that a class action is the superior method for adjudicating the claims of the Plaintiffs, has been met.[13] As discussed above, the ultimate issue of WARN Act liability depends on the resolution of numerous common questions regarding the events that transpired at the SabreTech facility, and how the WARN Act liability provisions should (or should not) be applied to those circumstances. Moreover, as stated in Rule 23(b)(3):

> The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) desirability or undesirability of

concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The Court is not aware of the existence of any other WARN or related litigation. The claims of individual employees are relatively small, and it is not unlikely that the costs of litigation would preclude any individual employee from bringing such an action. The Defendant facility was located in Miami, the employees resided in the Southern District of Florida, and many continue to reside here. We have not been presented with specific difficulties relating to management of this action as a class action. As noted by Judge Leval of the Southern District of New York, "[t]he WARN Act seems particularly amenable to class litigation. By its terms, WARN is applicable only in the context of employer action which affects a large number of employees." *Finnan v. L.F. Rothschild & Co., Inc.,* 726 F.Supp. 460 (S.D.N.Y.1989). Upon consideration of these factors and the standards of Rule 23(b)(3), as well as Rule 23(a), we find that class certification is proper in this matter.[14]

### V. Motion to Redefine Class and Cross–Motion to Expand Class Definition

The purpose of defining the class in this action is to include all those individuals who properly assert claims against Defendant under WARN on the set of facts presented to the Court in the Complaint and the papers on the instant Motions. In defining the class, the Court looks first to the statutory provision defining those individuals who may bring civil actions under WARN, 29 U.S.C. § 2104(a)(1), which states that an employer who violates § 2102 shall be liable to "each aggrieved employee who suffers an employment loss as a result of such closing or layoff. . . ." 29 U.S.C. § 2104(a)(1). A po-

---

13. Although the damages awards, if any, would be class-member-specific (as to rate of pay, level of benefits, and length of the period of violation), they would be based on the same WARN Act provision that establishes damages equivalent to pay and benefits for the period of the violation. On damages, or additional issues where applicable, the court reserves the possibility of the eventual creation of subclasses or other appropriate

alteration to the class based on evidence presented in the course of the litigation.

14. Based on the foregoing analysis, we find that Plaintiffs have demonstrated for the purposes of this motion that they satisfy the "similarly situated" requirement of civil actions brought under WARN, 29 U.S.C. § 2104(a)(1), and do not address this argument separately.

tential plaintiff, therefore, must suffer an employment loss as a result of "plant closing" or "mass layoff." A "plant closing" is defined as "the permanent or temporary shutdown of a single site of employment ... if the shutdown results in an employment loss at a single site of employment during any 30–day period for 50 or more employees...." 29 U.S.C. § 2101(a)(2). *See also* 20 C.F.R. § 693.3(b). A "mass layoff" is defined as "a reduction in force, which is not the result of a plant closing," and "results in an employment loss at a single site of employment during any 30–day period" for at least 50 employees. 29 U.S.C. § 2101(a)(3). *See also* 20 C.F.R. § 693.3(c).

In this action, the bulk of the terminations (approximately fifty) occurred on January 16, 1997. On this one date, the number of employees alleged to have suffered an employment loss exceeded fifty. Accordingly, we apply the 30–day statutory period stated above to the task of defining the relevant proposed class. Included in the proposed class, therefore, are those employees who were laid off from SabreTech's Miami facility in the 30–day period preceding January 16, 1997. Furthermore, based on the Plaintiffs' contentions regarding the one employee laid off on February 4, 1997, and the one employee laid off on February 15, 1997, we find that those employees are appropriate members of the class as defined under WARN. *See Reyes v. Greater Texas Finishing Corp.*, 19 F.Supp.2d 709, 715 (W.D.Tex.1998) (defining class based on thirty days before and after date on which 215 employees were laid off). *Cf.* 20 C.F.R. § 693.3(b) (defining "shutdown" as an employment action that results in the effective cessation of the work performed, even if a few employees remain), 20 C.F.R. § 639.5(a) (directing employer to "look ahead 30 days and behind 30 days" to determine whether an employment action taken will trigger the notice requirement).

The parties further dispute the inclusion of employees who transferred to the Orlando facility in December 1996 and January 1997 (a total of four employees). To determine whether individuals who accepted transfers to the Orlando facility should be included in the class definition, the Court again looks to 29 U.S.C. § 2104(a)(1), which states that an employer who violates § 2102 shall be liable to "each aggrieved employee who suffers an employment loss as a result of such closing or layoff...." 29 U.S.C. § 2104(a)(1). A potential plaintiff, therefore, must be an aggrieved employee [15] and suffer an employment loss.

In addition, the WARN provision, "Exclusions from definition of employment loss" addresses the status of transfers under the definitions of who has suffered a harm cognizable under WARN:

> [A]n employee may not be considered to have experienced an employment loss if the closing or layoff is the result of the relocation or consolidation of part or all of the employer's business and, prior to the closing or layoff—
>
> . . . .
>
> (b) the employer offers to transfer the employee to any other site of employment *regardless of distance* with no more than a 6–month break in employment, and the *employee accepts* within 30 days of the offer or of the closing or layoff, whichever is later.

29 U.S.C. § 2101(b)(2) (emphasis added).

The class certified in this action is only for SabreTech's Miami facility. Based on the foregoing provisions, employees who accepted transfers to SabreTech's Orlando facility are not properly included in the class definition.

Accordingly, consistent with the foregoing, the class certified consists of "all SabreTech, Inc. employees who were laid off from Sabre-Tech's Miami facility from December 17, 1996 through February 15, 1997, inclusive (the Class Period)." Excluded form the Class are all employees who were transferred to the Orlando facility. As previously set forth by the parties, also excluded from

---

**15.** An "aggrieved employee" is "an employee who has worked for the employer ordering the plant closing or mass layoff and who, as a result of the failure by the employer to comply with section 2102 of this title, did not receive timely notice either directly or through his or her representative as required by section 2102 of this title." 29 U.S.C. § 2104(a)(7).

the Class are all employees who signed separation agreements with the Defendant.

## VI. Motion to Approve Plan of Notice to Class

. Plaintiff has submitted a Motion for Court Approval of Plan of Class Notice. Based on the modification to the class that had been conditionally certified, the Notice is in part no longer accurate; in addition, the deadlines set forth in the proposed Plan are no longer plausible. Furthermore, as stated in the previous Stipulation and Order for Class Certification, "*the parties* to this action shall submit a proposal for notice to the class." (DE# 38 (emphasis added)).

Accordingly, noting the importance of proceeding with notification of the class in this case, it is hereby ORDERED AND ADJUDGED that Plaintiff shall deliver to Defendant within five (5) business days of this Order a Proposed Plan for Notice to the Class, including the Proposed Notice of Pendency of Class Action; the parties shall confer and attempt to resolve their concerns relating to the Plan or the Notice within the next ten (10) days; therefore, within fifteen (15) days of this Order, the parties shall file with the Court a Proposed Plan for Class Notice and a Proposed Notice.[16]

It is further ORDERED AND ADJUDGED that if Defendant has last known addresses of all Class Members subsequent to the December 15, 1996 listing provided to Plaintiffs in discovery, Defendant shall provide said addresses to Plaintiffs within twenty (20) days of this Order.

## VII. Conclusion

Accordingly, it is hereby ORDERED AND ADJUDGED the following:

1. Defendant's Motion to Decertify Class (DE# 81) is DENIED.

2. Defendant's Motion to Redefine Class (DE# 81) is GRANTED IN PART.

3. Plaintiffs' Cross–Motion to Expand Class Definition (DE# 102) is GRANTED IN PART.

4. Plaintiffs' Motion for Approval of Plan of Class Notice (DE# 107) is DENIED.

5. Plaintiffs' Motion for Hearing on Motion for Decertification (DE# 105) is DENIED.

6. The parties shall take such actions regarding the Proposed Plan for Class Notice and Proposed Notice of Pendency of Class Action as outlined above.

---

**16.** If necessary, the parties shall indicate those areas on which they were not able to reach agreement; the Court cautions the parties, however, that they are required under the Local Rules to participate in good faith in pretrial matters and to comply with pretrial Orders of this Court, and may be subject to sanctions for failure to do so.